UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WOJCIECH SIMIK, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GERALD HONDA OF MATTESON, <br><br> Defendant. | Case No. 1:21-cv-06347 |

**CLASS ACTION COMPLAINT**

**NOW COMES** WOJCIECH SIMIK, individually and on behalf of all other similarly situated, by and through his undersigned counsel, complaining as to the conduct of Defendant GERALD HONDA OF MATTESON as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

5. WOJCIECH SIMIK ("Plaintiff") is a natural person, who at all times relevant resided in the Northern District of Illinois.

6. GERALD HONDA OF MATTESON ("Defendant") is an Illinois automobile dealership that markets to consumers in the Midwest. Defendant maintains its principal business at 5505 Auto Court, Matteson, Illinois 60443.

7. Defendant regularly sells automobiles to Illinois consumers.

**FACTUAL ALLEGATIONS**

8. On November 22, 2021, Plaintiff entered Defendant's Matteson dealership to help his girlfriend purchase a 2020 Honda CRV ("subject vehicle") from Defendant.

9. To assist her purchase, Plaintiff test drove the subject vehicle and provided Defendant with his driver's license. During the test-drive, Plaintiff expressly stated that he is not purchasing the vehicle and that he is only test-driving the vehicle for his girlfriend, the buyer.

10. Upon conclusion of the test-drive, Plaintiff and his girlfriend negotiated the price of the subject vehicle with the intent of leaving the dealership to return to purchase the subject vehicle later that evening.

11. After returning to the dealership that same evening, Plaintiff's girlfriend agreed to finance the purchase of the subject vehicle. At that time, Defendant's salesman asked Plaintiff and his girlfriend whether the purchase of the subject vehicle would be a joint account. Plaintiff's girlfriend immediately indicated that the purchase of the subject vehicle will only be purchased in her name.

12. Shortly thereafter, Defendant's salesman asked Plaintiff's girlfriend for her social security number to "complete" the purchase.

13. After Plaintiff's girlfriend provided her personal identifying information in Defendant's credit application, Defendant's salesman proceeded to complete the sale.

14. As Defendant's salesman was initiating a finance check on Plaintiff's girlfriend, Plaintiff received multiple notifications stating that Defendant has accessed his consumer credit reports with multiple hard inquiries that he did not consent to.

15. Specifically, Defendant accessed Plaintiff's TransUnion consumer credit report on November 22, 2021, with hard inquiries from Capital One Auto Finance and Gerald Honda of Matteson.

16. Moreover, Defendant also accessed Plaintiff's Equifax consumer credit report on November 22, 2021, with hard inquiries from Capital One Auto Finance and Citizens One Auto Finance.

17. Bewildered, Plaintiff immediately showed Defendant's salesman the notifications of the hard inquiries on his consumer credit reports and asked Defendant's salesman why Defendant accessed his consumer credit reports without his consent, as he was not the purchaser of the subject vehicle.

18. Defendant's representative responded to Plaintiff stating that the credit pulls are not a "big deal" and that it is normal for Defendant to pull and access consumer reports of both a boyfriend and a girlfriend despite only one party providing their personal identifying information.

19. At no point in time did Plaintiff authorize Defendant to access his Equifax and TransUnion consumer credit reports.

20. Upon information and belief, Defendant misrepresented to Equifax and TransUnion that Plaintiff was applying for financing from Defendant.

21. Defendant obtained sensitive personal information concerning Plaintiff without Plaintiff's authorization under false pretenses.

## DAMAGES

22. Defendant's unauthorized conduct resulted in significant harm to Plaintiff.

23. Specifically, Defendant's credit inquiries are considered a "hard inquiry," which adversely impacts a consumer's credit score.

24. Lenders have questioned Plaintiff about Defendant's "hard inquiry" and have assumed that Plaintiff was denied financing by Defendant, thus rendering Plaintiff as high-risk consumer.

25. Plaintiff's credit score was negatively impacted by Defendant's unauthorized "hard inquiries."

26. Defendant's conduct caused Plaintiff anxiety, distress, mental anguish, and a reduced credit score.

27. Moreover, Defendant's unauthorized access of Plaintiff's credit information was highly intrusive and invaded Plaintiff's privacies.

28. Concerned with the long term impact of the "hard inquiries," Plaintiff retained counsel to enforce his privacy rights and compel Defendant to take action to remove the "hard inquiries" from his respective consumer credit reports.

## CLASS ALLEGATIONS

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that consumers are applying for financing from Defendant.

31. Upon information and belief, Defendant utilizes the credit scores it obtains under false pretenses to negotiate a more favorable purchase price.

32. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; (4) without authorization from the person.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

35.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

36.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

37.     The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

38.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

39.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

40.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

41.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

42.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I:
### Defendant's violations of 15 U.S.C. § 1681b(f)
### (On behalf of Plaintiff and the Members of the Putative Class)

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

51. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

52. Plaintiff's Equifax and TransUnion consumer credit reports that Defendant accessed without authorization are "consumer reports" as defined by §1681a(d)(1).

53. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Equifax and TransUnion consumer credit reports without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

54. As stated above, Plaintiff explicitly advised Defendant that he was not the purchaser of the vehicle and thus Defendant had no legitimate business need for Plaintiff's consumer credit reports.

55. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's consumer credit reports without a permissible purpose under the FCRA.

56. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's consumer credit reports without a permissible purpose under the FCRA.

57. As described above, Plaintiff was harmed by Defendant's conduct.

58. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

59. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

60. Due to Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in his favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

C. Enjoining Defendant from accessing consumer credit reports without a permissible purpose;

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

G. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: November 29, 2021

Respectfully Submitted,

**WOJCIECH SIMIK**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff and the Putative Class Members*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mdaher@sulaimanlaw.com
mbadwan@sulaimanlaw.com